UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

RITA C. JUSTUS,                              )
                                             )
              Plaintiff,                     )
                                             )
                                             )
v.                                           )     3:05-CV-390
                                             )     (JARVIS/SHIRLEY)
                                             )
JO ANNE B. BARNHART,                         )
Commissioner                                 )
of Social Security,                          )
                                             )
              Defendant.                     )


**REPORT AND RECOMMENDATION**

      This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b), Rule

72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and

recommendation regarding the disposition by the District Court of the plaintiff's motion for

judgment on the pleadings [Doc. 15], and the defendant's motion for summary judgment. [Doc.

17].   Plaintiff Rita C. Justus seeks judicial review of the decision of the Administrative Law

Judge ("ALJ"), the final decision of the Commissioner.

      The ALJ made the following findings:

          1.  The claimant meets the nondisability
          requirements for a period of disability and disability
          insurance benefits set forth in Section 216(i) of the
          Social Security Act and is insured for benefits
          through the date of this decision.

2. The claimant has not engaged in substantial gainful activity since the amended alleged onset of disability.

3. The claimant's combination of hearing loss, dizzy spells, arm pain, and elbow pain are considered "severe" based on the requirements in the Regulations 20 C.F.R. §§ 404.1520(c) and 416.920(c).

4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5. The undersigned finds the claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision.

6. The claimant has the following residual functional capacity: lift and/or carry 20 pounds occasionally and 10 pounds frequently. She can stand and/or walk (with normal breaks) for a total of about 6 hours in an 8-hour workday, and can sit (with normal breaks) for a total of about 6 hours in an 8-hour workday. She can push/pull at a level consistent with her ability to lift/carry.

7. The claimant's past relevant work as a spinner in a textile mill did not require the performance of work-related activities precluded by her residual functional capacity (20 C.F.R. §§ 404.1565 and 416.965).

8. The claimant's medically determinable hearing loss, dizzy spells, arm pain, and elbow pain do not prevent the claimant from performing her past relevant work as it is usually performed.

9. The claimant was not under a "disability" as defined in the Social Security Act, at any time through the date of this decision (20 C.F.R. §§ 404.1520(f) and 416.920(f)).

(Tr. 18-19).

If the ALJ's findings are supported by substantial evidence based upon the record as a whole, they are conclusive and must be affirmed. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Siterlet v. Secretary of Health and Human Services, 823 F.2d 918, 920 (6th Cir. 1987) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971)). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ or whether the reviewing judge may have decided the case differently. See Crisp v. Secretary of Health and Human Services, 790 F.2d 450, 453 n.4 (6th Cir. 1986).

On appeal, plaintiff argues that the ALJ erred by substituting his own judgment regarding her residual functional capacity ("RFC"), thereby ignoring the opinion of consultative examiner Dr. Johnson. Plaintiff points out that Dr. Johnson noted that she experienced back pain, elbow pain, and bilateral knee pain and concluded that plaintiff "should be able to sit for more than six hours in an eight-hour day, stand or walk for five hours in an eight-hour day, routinely lift 15 pounds, and occasionally lift 30 pounds." (Tr. 193). Plaintiff asserts that "[w]ithout any cogent explanation, the ALJ found that Ms. Justus can 'stand and/or walk (with normal breaks) for a total of about 6 *hours* in an 8-hour worday [sic].'" Plaintiff argues that the ALJ found she could perform a full level of light work without any medical support for such a finding. Next, plaintiff asserts that the ALJ erred in finding that she could perform her past work. Plaintiff insists that the vocational expert ("VE") testified that plaintiff would not be able

3

to return to her past work if she had the limitations assigned by Dr. Johnson. (Tr. 255). In sum, plaintiff maintains that the ALJ committed reversible error by ignoring Dr. Johnson's opinion and misconstruing the testimony of the VE.

The Commissioner argues, however, that substantial evidence supports the ALJ's decision, noting that on appeal, plaintiff challenges only the ALJ's finding regarding her standing or walking ability and thus, his evaluation of her alleged lower leg arthritis and back pain. First, the Commissioner notes that plaintiff refers only to the consultative examiner's report and not to any treating physician's findings or opinion for support of her leg and hip pain, noting that during the relevant time period, plaintiff made no complaints to any medical source in the record of any lower leg pain or back pain and did not seek or receive any treatment for any lower leg pain or back pain during this time. (Tr. 14). Further, she notes that plaintiff testified that she takes Motrin or other over-the-counter medications for her knee or hip pain. (Tr. 246).

The Commissioner maintains that although plaintiff argues that the ALJ's RFC finding was inconsistent with the assessment of consultative examiner Dr. Johnson, there is "only a minor difference" between Dr. Johnson's assessment and the ALJ's RFC finding. She contends that the ALJ's RFC finding was actually more restrictive than Dr. Johnson's assessment in two out of the three functioning areas. Specifically, the Commissioner notes that while the ALJ limited plaintiff to 20 pounds occasionally and 10 pounds frequently, Dr. Johnson found plaintiff could lift up to 30 pounds occasionally and 15 pounds routinely, or frequently. (Tr. 17, 193). Further, while the ALJ found plaintiff could sit up to 6 hours in an 8-hour workday, Dr. Johnson found she could sit for more than 6 hours in an 8-hour workday. (Tr. 17,

4

193).  The Commissioner contends that the only difference between Dr. Johnson's assessment and that of the ALJ is the standing or walking limitation.  While the ALJ found plaintiff could stand or walk for about 6 hours in an 8-hour workday, Dr. Johnson found plaintiff could stand or walk for 5 hours in an 8-hour workday.  (Tr. 17, 193).

Moreover, the Commissioner insists that the lack of evidence of leg and hip pain is consistent with the opinion of state agency medical consultant Dr. Burr who found that plaintiff did not have any severe impairments (Tr. 189) and with the opinion of state agency, reviewing physician Dr. Juliao who found that plaintiff could perform medium[1] work.  (Tr. 194-99).  The Commissioner argues that "[d]espite the record evidence supporting the opinions of Drs. Burr and Juliao, to give Plaintiff every benefit of the doubt, the ALJ found that Plaintiff would be able to perform light level work, requiring an ability to stand or walk for up to six hours in an eight hour workday."  Moreover, she notes that state agency physician Dr. Juliao found that Dr. Johnson's assessment was "too restrictive" in light of his findings that plaintiff had normal range of motion in her joints and had only a minimal decrease of range of motion in her back.  (Tr. 199).  Dr. Juliao found that the evidence supported a finding that plaintiff could stand or walk for about 6 hours in an 8-hour workday.  (Tr. 195).  Therefore, the Commissioner maintains that the ALJ's RFC finding, and in particular, his standing and walking limitation was reasonable considering the fact that plaintiff made no complaints and neither sought nor received any treatment for any leg or back pain during the relevant time period.  Finally, the

---

[1]Medium work is defined as "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds."  20 C.F.R. §§ 404.1567(c), 416.967(c).

Commissioner maintains that substantial evidence supports the ALJ's finding that plaintiff could return to her past work as a textile spinner because Dr. Johnson's limitation for only 5 hours of walking instead of 6 hours is not supported by his own findings or the record as a whole.  (Tr. 255).

Plaintiff bears the burden of proof on the issues of disability and the severity of her impairments.  Richardson v. Heckler, 750 F.2d 506, 509 (6th Cir. 1984) (Social Security disability claimant bears the ultimate burden of proof on the issue of disability); 20 C.F.R. §§ 404.1512(a), 416.912(a) ("In general, you have to prove to us that you are blind or disabled").

A severe impairment id defined as one that  "significantly limits your physical or mental ability to do basic work activities" without regard to "age, education, and work experience."  20 C.F.R. §§ 404.1520(c), 416.920(c).  Basic work activities are defined as "the abilities and aptitudes necessary to do most jobs."  20 C.F.R.  §§ 404.1521(b), 416.921(b).

I find that substantial evidence supports the ALJ's decision.  Tyra v. Secretary of Health and Human Services, 896 F.2d 1024, 1028 (6th Cir. 1990) (substantiality of the evidence must be based on the record as a whole).   In this case, the ALJ found that plaintiff's "severe" impairments were hearing loss, dizzy spells, arm pain, and elbow pain, noting that although plaintiff alleges disability, in part, based on arthritis in the legs and knees as well as back pain, "the record is void of any substantial objective evidence that would substantiate the significant presence of said impairments." (Tr. 14, 19).   The ALJ determined that the plaintiff retained the RFC to lift and/or carry 20 pounds occasionally and 10 pounds frequently; to stand and/or walk for a total of about 6 hours in an 8-hour workday; to sit for a total of about 6 hours in an 8-hour

workday; and to push/pull at a level consistent with her ability to lift/carry. (Tr. 17). Thus, based on the RFC finding, the ALJ concluded that plaintiff could return to her past relevant work as a spinner as that job is usually performed in the national economy. (Tr. 18).

As the ALJ noted, with the exception of Dr. Johnson's consultative examination, the medical records do not indicate that plaintiff complained about her legs, knees, and back pain. (Tr. 14). The ALJ noted, however, that consultative examiner Dr. Johnson found normal range of motion in plaintiff's shoulders, elbows, hands, hips, knees, and ankles and concluded that she should be able to sit for more than 6 hours in an 8-hour workday, stand or walk for 5 hours in an 8-hour workday, routinely lift 15 pounds and occasionally lift 30 pounds. (Tr. 14, 16, 190-93). The ALJ noted that the findings of the state agency, reviewing physician Dr. Juliao indicated that Dr. Johnson's medical assessment was too restrictive, in light of his findings that plaintiff's range of motion for joints was normal and that she had only minimal decrease in range of motion of her back. (Tr. 16, 199). The ALJ further opined that state agency physician Dr. Juliao "determined her condition did not even satisfy the threshold showing of severity, and this opinion was corroborated by an independent medical consultant (Exhibit 6F) [Dr. Burr]." (Tr. 16) 20 C.F.R. §§ 404.1527(f)(2)(i), 416.927(f)(2)(i) ("State agency medical and psychological consultants and other program physicians and psychologists are highly qualified physicians and psychologists who are also experts in Social Security disability evaluation.").

Furthermore, the ALJ considered plaintiff's testimony that she has no problems with sitting and that she used Motrin and other over-the-counter medications for pain. (Tr. 246) Hardaway v. Secretary of Health and Human Services, 823 F.2d 922, 927 (6th Cir. 1987)

(condition controllable by medication is not disabling). Moreover, the ALJ considered

plaintiff's testimony that she was willing to try to work an 8-hour shift as opposed to a 12-hour

shift. (Tr. 17, 251). Plaintiff testified that she asked her employer if she could work 8 hours for

a while even if it meant moving to a different department. The ALJ observed that the plaintiff

apparently thought she was **not** unable to perform an 8-hour workday, noting that "[t]he

impairments she had at the time she quit working are the same impairments she had successfully

been working with." (Tr. 17) Hogg v. Sullivan, 987 F.2d 328, 331 (6th Cir. 1993) (within the

province of the ALJ to resolve conflicts in the evidence and to decide questions of credibility).

Therefore, in light of the foregoing, I find that the ALJ did not err in finding that the medical

evidence did not support plaintiff's claims regarding leg, knee, and back pain.

      With respect to plaintiff's argument regarding her ability to do past work, I find

plaintiff's argument is without merit in light of the RFC finding for light work. Although VE

testimony is not required for a Step 4 finding, the VE testified that the plaintiff's past work as a

spinner is classified by the Dictionary of Occupational Titles as light, lower limit semi-skilled.

(Tr. 241, 253-54) Smith v. Secretary of Health and Human Services, 893 F.2d 106, 110 (6th Cir.

1989). Therefore, because the VE's testimony was consistent with the other evidence of record

in this case, the ALJ properly relied on that testimony, even though he was not required to do so

to reach a past relevant work finding. (Tr. 18) See Walker v. Secretary of Health and Human

Services, 884 F.2d 241, 245 (6th Cir. 1989).

Therefore, it is hereby **RECOMMENDED**[2] that the plaintiff's motion for judgment on the pleadings [Doc. 15] be **DENIED** and that the Commissioner's motion for summary judgment [Doc. 17] be **GRANTED**.

Respectfully submitted,

     s/C. Clifford Shirley, Jr.
United States Magistrate Judge

_____

[2]Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).